IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 85-195-01 |
| | : | |
| NATHANIEL COLEMAN | : | |

<u>**MEMORANDUM**</u>

**Judge Juan R. Sánchez**                                                                             **April 21, 2025**

In 1985, pro se Petitioner Nathaniel Coleman was convicted of conspiracy to violate the civil rights of a government witness (Count One), 18 U.S.C. § 241, and obstruction of justice (Count Two), 18 U.S.C. §§ 1503 and 2. Coleman finished serving his sentence in 2023 and now moves for a writ of error coram nobis vacating the conviction, arguing the Government withheld exculpatory evidence and presented false testimony during trial. Because Coleman has not shown he meets the requirements for coram nobis relief, the motion will be denied.

**BACKGROUND**

On May 29, 1985, a grand jury indicted Nathaniel Coleman for the murder of Nigel Anderson, a witness who was scheduled to testify against Coleman in a drug case. Indictment, ECF No. 1. The first trial was declared a mistrial on September 23, 1985, after the jury failed to reach a verdict. ECF No. 76. The case was retried, and on December 9, 1985, the jury returned a verdict finding Coleman guilty of both Counts. ECF No. 124. On August 5, 1987, he was sentenced to a term of life imprisonment on Count One and a concurrent term of five years on Count Two. ECF No. 153.  He was paroled and released from custody on November 6, 2019, and was under supervision until March 16, 2023, when the Court granted his motion for early termination of supervised release. ECF No. 294.

While incarcerated, Coleman filed a series of unsuccessful collateral challenges to his conviction. According to Coleman, the Government's case hinged on the testimony of a single witness, Haywood Logan. Logan was a confidential informant who, according to Coleman, presented perjured testimony during trial. Def.'s Mot. Relief 7-8, ECF No. 296. Based on this and other allegations about the Government withholding evidence, Coleman challenged his sentence immediately after his conviction, asserting a *Brady* claim and challenging the sufficiency of the trial evidence. ECF No. 155. The Third Circuit rejected his claims and affirmed judgment on December 1, 1988. *United States v. Coleman*, 862 F.2d 455 (3d Cir. 1988). On May 20, 1991, Coleman filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, which was denied on July 10, 1991. ECF Nos. 178, 183. The Third Circuit affirmed the denial on March 23, 1992. ECF No. 186.

Coleman alleges that, at some point in 1996, the Government produced evidence in response to a Freedom of Information Act (FOIA) request. ECF No. 296 at 3, 12-14. The FOIA production allegedly included fingerprint evidence from the scene of the crime the Government withheld during trial. ECF No. 296 at 12-14. According to Coleman, the fingerprints did not match him or his alleged co-conspirators. *Id*. With this information, Coleman subsequently sought permission to file a successive § 2255 habeas motion in 1997.[1] *See* ECF No. 199. The Third Circuit denied his request on February 7, 2000. ECF No. 234.

On June 21, 2024, almost thirty-nine years after he was convicted and twenty-eight years after the FOIA production, Coleman filed this writ of error coram nobis seeking to vacate the conviction. He argues the Government violated his due process rights by withholding the

---

[1] In addition to his request to file a successive § 2255 motion, Coleman filed numerous pro se motions for collateral relief in 1997. *See* ECF Nos. 201-225. All were unsuccessful.

2

fingerprint evidence and presenting Logan's testimony. ECF No. 296 at 14-15; *see Brady v. Maryland*, 373 U.S. 83, 86-88 (1963) (holding that the failure to disclose evidence that is favorable to the defense and material to the defendant's guilt is a violation of defendant's due process); *Glossip v. Oklahoma*, 145 S. Ct. 612, 626 (2025) (holding that the knowing use of false evidence to convict a defendant violates the defendant's due process). The Government opposes relief. Gov't's Opp'n, ECF No. 298.

**DISCUSSION**

The All Writs Act, 28 U.S.C. § 1651, allows federal courts to issue a writ of error coram nobis to petitioners who are no longer in custody but still face "continuing consequences" from a conviction. *United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989). The writ is an "extraordinary remedy" limited to "extraordinary cases presenting circumstances compelling its use to achieve justice." *United States v. Denedo*, 556 U.S. 904, 911 (2009) (internal quotation marks and citations omitted). A motion for a writ of error coram nobis is a "rare remedy," which:

> may be granted only if five prerequisites are met: 'the petitioner (1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid convictions; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind.'

*United States v. De Castro*, 49 F.4th 836, 842 (3d Cir. 2022) (quoting *Ragbir v. United States*, 950 F.3d 54, 62 (3d Cir. 2020)). The standard is demanding, and "a petition must be denied if even one element is not satisfied." *Id.*; *see also Ragbir*, 950 F.3d at 62 (noting "'it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate.'").

Coleman has not asserted a fundamental error. "Errors which could be remedied by a new trial do not usually come within the writ." *United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011).

3

Rather, the "error must go to the jurisdiction of the trial court, thus rendering the trial itself invalid." *Stoneman*, 870 F.2d at 106. "Earlier proceedings are presumptively correct and the petitioner bears the burden to show otherwise." *Id*. Here, Coleman is asserting the same claims he asserted in his numerous motions for collateral relief, including his request to file a successive habeas motion, while he was in custody. The only difference is he has completed his sentence and may now qualify for coram nobis relief. However, this is insufficient for coram nobis relief. *See Rhines*, 640 F.3d at 72 ("[A petitioner] may not resort to a writ of error coram nobis simply because he cannot meet the standards for filing a second or successive § 2255 motion."). In *Rhines*, the petitioner filed for a writ of error coram nobis, asserting use of fabricated evidence and perjured testimony during trial, after his application to file a successive § 2255 motion was denied. *Id*. at 70. The court denied coram nobis relief because it encompassed the same claims that petitioner "already attempted to raise" in his application for a successive § 2255 motion. *Id*. at 72. Similarly, Coleman's petition for coram nobis encompasses the same claims he raised in his prior motions for collateral relief. His *Brady* and sufficiency of evidence challenge to his conviction was denied by the trial court and affirmed by the Third Circuit. *See United States v. Coleman*, 862 F.2d 455 (3d Cir. 1988). After receiving the fingerprint evidence in 1996, he filed numerous unsuccessful motions for collateral relief using the newly acquired evidence—ultimately resulting in denial of his application to file a successive § 2255 motion by the Third Circuit. Furthermore, Coleman's claims do not "go to the jurisdiction of the trial court," as required for coram nobis relief. *Stoneman*, 870 F.2d at 106.

Since a petition for coram nobis relief "must be denied if even one element is not satisfied," the Court will not consider the remaining elements. *De Castro*, 49 F.4th at 842. Because Coleman

does not meet at least one of the five elements for relief, the motion is denied. An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

5